JOHN T. HARRIS, Plaintiff in Error, *v.* T. B. AUS-
TELL, Defendant in Error.

1. PROPERTY EXEMPT BY LAW. *Replevin lies for. When.* Where
property exempt by law is sold under an execution, replevin
will lie for recovery of same.
Case cited : Wilson *v.* McSween, 1 Head, 17.
2. SAME. *Same.* Where the foundation of a judgment is a note
made prior to the Act of March, 1860, the defendant in execu-
tion can only recover such property as was exempt anterior to
said Act.
3. SAME. *Same.* Where neither the verdict of the jury nor the
judgment of the Court specify the property sued for, in an ac-
tion of replevin, such verdict and judgment are void for uncer-
tainty.
Case cited :   State *v.* Haggard, 1 Hum., 393.

FROM COFFEE.

Appeal  from  the  Circuit  Court.  WILLIAM  P.
HICKERSON,  Judge.

J. B. FITZPATRICK for Harris.

C. A. SHEAFE for Austell.

BURTON, Special J., delivered the opinion of the
Court.

This is an action of replevin brought by Austell
against Harris in the Circuit Court of Coffee County.
It appears from the bill of exceptions, that on the
4th day of January, 1862, Logan and Layton ob-
tained judgment before one Rutherford, a Justice of
Coffee County, against Austell, the defendant in error,

in the sum of $78.57, on a note executed by said Austell on the 9th of February, 1859, and by him endorsed to said Logan and Layton. On the 31st day of January, 1866, a little more than four years after the rendition of the judgment, an execution was issued on this judgment, and came to the hands of one Linton, a constable, and was by him levied upon "one bay mare and one sorrel mare," as the property of Austell. Five days after the levy Austell gave bond to have the property forthcoming for sale on the 10th of March thereafter, at his (Austell's) house. The property was sold, and bought by the defendant, Harris, on the said 10th day of March, 1866. Three days thereafter Austell brought this suit against Harris, the plaintiff in error, and purchaser of the mares.

The declaration contained two counts, in each of which the property sued for was described as follows: "One sorrel mare about nine years old," etc., and "one bay mare about," etc. The only variation in the counts being, that in the second count the plaintiff alleges that he was entitled to hold the property exempt from execution, he being the head of a family, engaged in agriculture, and having no other horse or yoke of oxen than those levied upon. The Court, in instructing the jury, told them very properly, in substance, that if the note, which was the foundation of the judgment, was made before the Act of March, 1860, which first exempted an "additional horse" to the one already exempt by the Code, then the plain-

tiff could claim only one horse as exempt from execution.

Under this charge the jury returned a verdict, that as to one of the mares, they find the issue in favor of the plaintiff, and assess his damages for the detention at five dollars. And further say, that as to one of the mares, they find for the defendant, and assess his damages at 33.75. And further, that they assess the value of said mare at $125. The Court gave judgment in accordance with this verdict, and adjudged all costs against the defendant.

It appears here, that neither in the verdict nor judgment of the Court, is it ascertained which of the two mares sued for was recovered by the plaintiff. He could not tell whether he was to restore to the defendant the bay mare or the sorrel mare; nor on the other hand, would the defendant know which one of the two mares he was bound to receive.

We are satisfied that this verdict and judgment are void for uncertainty, and the case must be reversed.

Of course it is easy to anticipate the difficulty of proceeding in this case, when it is remanded for a new trial.

The facts of this record suggest several questions that would arise on a proper trial of the case. It has been decided that the defendant in an execution, contrary to the general rule, might replevy property seized under it, when the property so seized was exempt from this process.

The case of *Wilson* v. *McQueen* first decided this question, and the decision has been adhered to. In that case the opinion assumes that the defendant, when he levied the execution, well knew that the property was exempt, and it may be questioned whether this is not still a proper qualification of the right of the defendant in the execution to sue. The case arose also before the adoption of the Code, before which time the statutory law contained two provisions, which are dropped out of the Code, and which have an important bearing on the case in hand. One provision was, that it may be lawful for the defendant "to set apart" the property exempt, and the other gave expressly an action against the officer for the violation of the provisions of these acts. It may be doubted whether, notwithstanding the repeal of both of these provisions, the action of replevin should lie against the officer at all, unless the defendant made his selection as to which horse he would retain. Before the Code, in the case of the *State* v. *Haggard*, 1 Hum., 393, Judge Green, discussing these acts of assembly, says:

"Whether, if there had been several horses, the officer could have taken them all, unless the defendant in the execution had selected and set apart one for himself, is a question we need not now decide. In such case, the right to select and set apart one of several horses, would give the defendant in the execution the right to take the best and most valuable of these animals; but it does not follow that

because he may select and set apart, that in case he is absent when the levy is made, or may fail to make such selection from any other cause, he forfeits his right to the benefit of these acts. How this may be, it will be time enough to decide when the case may arise."

We express no opinion upon the question suggested, but they are referred to because the facts of this case call for a decision of them on another trial.

The judgment is reversed, and the cause remanded to the Circuit Court of Coffee County for a new trial.